UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-61840-CIV-ROSENBAUM/SELTZER

SALVATORE PUCCIO,

     Plaintiff,

vs.

THOMAS SCLAFANI,

     Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO COMPEL

THIS CAUSE is before the Court on Defendant's Motion to Compel Plaintiff to Produce Documents Responsive to Defendant's Requests for Production (DE 56), Plaintiff's Response (DE 57), and Defendant's Reply (DE 61) and the Court being sufficiently advised, it is hereby ORDERED that Defendant's Motion is GRANTED in part and DENIED in part as set forth below.

Plaintiff Salvatore Puccio, who is incarcerated in a federal correctional institute, brings this action against his former attorney Thomas Sclafani ("Defendant"). Plaintiff alleges that before he was incarcerated he entrusted to Defendant certain assets, including $428,000 and 5 million shares of Renegade Energy Corporation stock received from the Mendocino Group (Plaintiff's company), which assets (or a portion thereof) Defendant misappropriated. The (redacted) Complaint (DE 7)[1] asserts claims for breach of fiduciary duty, civil theft, unjust enrichment, conversion, and fraud.

During the course of discovery, Defendant served on Plaintiff a First Request for

---

[1] The unredacted Complaint (DE 1) is filed under seal.

Production of Documents; Plaintiff timely responded to the Request.  Defendant now moves the Court to compel Plaintiff to produce documents responsive to Request Nos. 3, 7-11, 13, 15-18, 24, 27, 28, and 30-35.  In response to each of these Requests, Plaintiff stated:  "Plaintiff is currently housed in a federal correctional facility and unable to maintain such files.  However, if such documents should come into Plaintiff's possession, timely copies and/or an opportunity to inspect same will be provided to Defendant."   Defendant notes that Plaintiff was incarcerated at the time he commenced this action.  He argues, therefore, that Defendant "should not be permitted to use his incarceration as a shield to avoid responding to proper requests for production."  Motion ¶ 6 (DE 56).

In opposition to Defendant's Motion, Plaintiff first argues that Defendant's Requests seek documents that are not relevant to any of the claims or defenses herein.  Plaintiff, however, has waived such argument as he did not assert a relevance objection either in his "General Objections" or to any specific Request.  See  S.D. Fla. L. R. 26.1(g)(3)(A) ("Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.").  Moreover, the Court finds that the Requests at issue are relevant or are likely to lead to the discovery of admissible evidence.

Plaintiff also argues that Defendant's Requests are "cumulative, duplicative and request information that the Defendant has had ample opportunity to obtain through discovery," citing Federal Rule of Civil Procedure 26(b)(2)(C).[2]  Plaintiff, however, has

---

[2]  Rule 26(b)(2)(C) provides:

    (C)    When Required.  On motion or on its own, the court must limit the frequency or extent of discovery

identified only Request Nos. 7-11 as duplicative or cumulative.  Each of these Requests does seek "contracts and/or retainer agreements, including amendments, modifications and addenda thereto."  But each such Request seeks contracts and/or retainer agreements between Plaintiff and a different individual or entity.  These Requests, therefore, are neither cumulative nor duplicative.  And Plaintiff has failed to explain how Defendant has had ample opportunity to obtain the documents during discovery.

Plaintiff next argues that Defendant can obtain easily obtain the documents from other sources.  He states generally that some of the documents "exist[ ] within the Defendant's own filings" and that he has "directed the Defendant to the multiple locations where many of the items requested, exist within the record."   Plaintiff, however, has cited no authority that prohibits a party from requesting production of documents from the opposing party where the requesting party may already possess such documents.

---

otherwise allowed by these rules or by local rule if it determines that:

(i)    the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii)   the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii)  the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Moreover, the contrary is true.  As one district court has stated: "[T]he fact that [a party's counsel] may already possess . . . some of the documents and information included in [his] discovery requests . . . does not excuse the [responding party's] failure to fully respond to the discovery requests." Rivers v. Asplundh Tree Expert Co., No. 5:08cv61/RS/EMT, 2008 WL 5111300, at *4 (N.D. Fla. Dec. 3, 2008).  Indeed, the fact that the opposing party may have a particular document in his possession, custody, or control, in and of itself, may have some significance.  Although Plaintiff maintains that he has directed Defendant to responsive documents filed of record, he fails to identify the specific Requests to which he refers.  A review of Plaintiff's responses to the Requests, however, reveals that of the 20 Requests at issue, only one refers to any documents – Response to Request No. 17. Request No. 17 seeks "checks, ledgers, journals, account payable records, statements, wire transfer confirmations, check registers, journals, account payable records, statements, wire transfer confirmations, check registers or any other documents whatsoever reflecting, evidencing or regarding payments made by Defendant without your instruction and/or approval in connection with the subject of this lawsuit."  With respect to Plaintiff's response to Request No. 17, in addition to reciting  his inability to maintain documents while incarcerated, Plaintiff stated: "Previously provided, see DE 24, DE 25, and DE 26."  Docket Entries 24 and 25, respectively, are Plaintiff's responses to Defendant's Motion to Dismiss and Defendant's Motion for Summary Judgment; no documents are attached to Plaintiff's responses.  Docket Entry 26 is Plaintiff's Statement of Disputed Facts in Opposition to Defendant's Motion for Summary Judgment.  Although Plaintiff's Statement does have 11 documents attached, it appears that only two documents – a check payable to Defendant's law firm from Joseph Puccio (Plaintiff's brother) and a trust account reconciliation prepared

4

by Defendant – may be responsive to Request No. 17.   Moreover, it is unclear from Plaintiff's response whether any other documents responsive to this Request exist.

Additionally, Plaintiff argues that Defendant's Motion to Compel is "misleading." More specifically, Plaintiff takes issue with Defendant's statement that Plaintiff's responses to the Requests at issue, "essentially . . . acknowledge[ ] the existence of documents responsive to the requests, but provide[ ] an excuse for not complying with [Plaintiff's] discovery obligations by stating his incarceration does not permit him to produce the documents because of lack of access."  Motion ¶ 3 (DE 56).   Plaintiff contends that he has "not acknowledged a broad range existence of documents and an inability to produce the same."  Response  ¶ 28 (DE 57).   By way of example, Plaintiff notes that in response to Request No. 3 he stated (in addition to his inability to maintain files due to his incarceration) that "[c]ounsel is currently unaware of such documentation, other than those letters and emails that have previously been provided by Defendant."[3]   The Court concludes that one could infer from Plaintiff's responses to the Requests at issue – Plaintiff's inability to maintain files due to his incarceration and his acknowledgment that he will produce such documents if they come into his possession – that responsive documents to the Requests do exist.  At best, Plaintiff's responses are ambiguous as to the existence of responsive documents, even with the added qualification that "counsel is currently unaware of such documentation."[4]

---

[3]  Although not noted by Plaintiff, in response to Request No. 11, he had also stated that "[c]ounsel is currently unaware of the existence of such documents."

[4]  Moreover, the pertinent inquiry is not whether counsel is aware of the existence of documents, but whether Plaintiff is aware of the existence of documents and, more importantly, whether Plaintiff has responsive documents in his possession, custody, or

Plaintiff next argues that the Court should deny Defendant's Motion to Compel because Defendant's counsel failed to include a certification that he had conferred or attempted to confer with Plaintiff's counsel.  Defendant's counsel acknowledges that he inadvertently failed to include a "conferring certification"; he, however, represents that before he filed the instant Motion, on more than one occasion he did attempt to confer with Plaintiff's counsel in compliance with Federal Rule of Civil Procedure 37 and Local Rule 7.1(a)(3).  On May 12, 2013, Defendant's counsel informed Plaintiff's counsel (by email) that Plaintiff's "incarceration is not a valid basis to withhold production of documents . . . [and that Plaintiff] cannot use his incarceration as a shield from complying with the discovery rules."  May 12, 2013 email (DE 61-1).  Defendant's counsel expressly stated that the email served as the "good faith conferral" required by the Rules.  He further stated that if he did not hear from Plaintiff's counsel by May 23, 2013, Defendant would file a motion to compel.   And on May 16, 2013, Defendant's counsel sent a second email (DE 16-2), reminding Plaintiff's counsel that she had not responded to his prior email regarding Plaintiff's (alleged) deficient responses based on Plaintiff's incarceration.   Plaintiff's counsel, however, failed to respond to either of these emails.  By failing to include a conferring certification, Defendant's counsel failed to follow the letter of the Rule 37 and Local Rule 7.1(a)(3).  But by attempting to confer with Plaintiff's counsel, he did meet the spirit and purpose of the Rules.  The Court, therefore, will not deny Defendant's Motion to Compel based on his counsel's *de minimus* violation.

Preceding his responses to Defendant's individual Requests for Production, Plaintiff

---

control.

6

asserts a "General Objection," which states that "[t]he Request for Production does not comply with Rule 34, of the Federal Rules of Civil Procedure."[5]  Plaintiff's Response and Objection to Defendant's First Request for Production at 1 (DE 56-2). More specifically, Plaintiff's "General Objection" states that "[t]his request is overbroad; it offers no reasonable particularity of the documents to be produced; and requires the non-movant to discern the items desired for production." Id. The "General Objection," however, does not identify any specific Request to which it applies.[6]  Typically, courts (including this Court), disfavor  "general objections" that fail to discuss deficiencies in specific discovery requests.  See Kelly v. FedEx Ground Package Sys., Inc., No. 3:10-cv-01265, 2011 WL 158476, at *1-2 (S.D.W. Va. Apr. 26, 2011) (general objections that fail to identify which general objection applied to discrete discovery requests "frustrate[ ] the purpose of discovery and fail[ ] to comply with the specificity requirements" of Rule 34) (collecting cases disfavoring general objections); Anderson v. United Parcel Serv. Inc., No. 09-2526-KHV-DJW, 2010 WL 4822564, at *2 (D. Kan. Nov. 22, 2010) ("[G]iven that Plaintiff made

---

[5] Plaintiff's "General Objection" quotes Rule 34(b)(1), which provides that a request for production:

        (A)    must describe with reasonable particularity each item or category of items to be inspected;

        (B)    must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and

        (C)    may specify the form or forms in which electrically stored information is to be produced.

Fed. R. Civ. P. 34(b)(1)(A-C).

[6] The General Objection also notes that Defendant's Request for Production does not designate a time, place, or manner of production.

no meaningful effort to demonstrate the application of any of her general objections to any particular [discovery request], the Court finds Plaintiff's objections to be of no consequence and overrules them.").  But here Defendant's Request Nos. 3, 18, and 35, as well as a portion of Request No. 33, are overly broad on their face.  Request No. 3 seeks "[a]ny and all documents . . . concerning the matters that are the subject of this action."  Request No. 18 seeks "[a]ny and all electronically stored data and/or information evidencing, regarding or relating to any of the allegations in Plaintiff's Complaint, Defendant's Answer, and any of the Requests to Produce . . . ."  Request No. 35 seeks "[a]ll documents not produced . . . that relate to, refer to, or discuss or describe the matters and facts alleged in Plaintiff's Complaint."  And, in addition to other documents, Request No. 33 seeks "all documents which Plaintiff contends support or are relevant to the allegations contained in his pleadings. . . ."  Federal Rule of Civil Procedure 34(a)(1) requires that a request for production "describe with particularity each item or category of items to be inspected.  And the Section III.A(1) of this District's Discovery Handbook (attached to the Local Rules) provides that a request for production "should be clear, concise and reasonably particularized. . . . [A] request for 'each and every document supporting your claim' is objectionably broad in most cases."   Accordingly, the Court will not require Plaintiff to supplement his response or produce documents responsive to Request Nos. 3, 18, and 35, or the portion of  Request No. 33 seeking documents that support Plaintiff's allegation in his pleadings.

With respect to the remaining Requests at issue – Request Nos. 7-11, 13, 15-17, 24, 27-32, 33 (in part), and 34 – the Court finds that Plaintiff's responses based on his inability to maintain documents due to his incarceration are insufficient.  Rule 34(a)

requires the responding party to produce not only responsive documents in his possession, but also those in his control.  Fed. R. Civ. P. 34(a) (a party may discover documents "which are in the possession, custody or control of the party upon whom the request is served").  The Eleventh Circuit has defined "control" as the legal right to obtain documents upon demand.  Searock v. Stripling, 736 F.2d 650 (11th Cir. 1984).  As one court in this District has stated: "[A]lthough Plaintiff is incarcerated, if any family members or friends [or others] are storing documents for him until he is released from prison, then Plaintiff must attempt to obtain copies of any responsive documents from the storage locations."  White v. Det. De La Osa, No. 07-23381-Civ-Gold/Goodman, 2012 U.S. Dist. LEXIS 7028, at *3 (S.D. Fla. Jan. 23, 2012) (Goodman, M.J.).

The Court appreciates the difficulty that Plaintiff may have in obtaining responsive documents while he is incarcerated.  Nonetheless, Plaintiff brought this law suit (while incarcerated) and has made serious allegations that impugn Defendant's personal and professional reputation.  Defendant is entitled to the requested discovery to assist in his defense.  Accordingly, it is hereby ORDERED that Plaintiff shall make a good faith effort to obtain all responsive documents requested by Defendant's First Request for Production from whatever source.  It is further ORDERED that on or before August 26, 2013, Plaintiff shall produce to Defendant a copy of all responsive documents that he has not already produced.  On that same date, Plaintiff shall serve on Defendant (and file in the record) a a Supplemental Response to Request Nos. Request Nos. 7-11, 13, 15-17, 24, 27-32, and 34 and that portion of Request No. 33 seeking documents that contain information supporting any factual statements made in response to Defendant's interrogatories .  With respect to each such separate Request for which all responsive documents have not been

9

produced, Plaintiff shall identify all responsive documents, identify the efforts Plaintiff has made to obtain such documents, and identify who has possession of the documents and where Defendant may obtain them.  If no responsive documents exist for the Request at issue, Plaintiff shall clearly and unequivocally so state.   Plaintiff shall continue to supplement his responses and document production pursuant to Federal Rule of Civil Procedure 26(e).  Plaintiff is cautioned that should he attempt to introduce at trial previously unproduced responsive documents, upon an appropriate motion the District Court may exclude that evidence.

DONE AND ORDERED in Fort Lauderdale, Florida, this 12th day of August 2013.


BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE



Copies to:

All counsel of record